UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

MARICARMEN CUBILLO,

       Plaintiff,
vs.

1ST FINANCIAL BANK USA,
a foreign corporate bank,

       Defendant.
_____/

## COMPLAINT

**COMES NOW**, the Plaintiff, MARICARMEN CUBILLO, by and through undersigned counsel, and brings this action against the Defendant, 1ST FINANCIAL BANK USA ("1ST FINANCIAL"), and as grounds thereof would allege as follows:

## INTRODUCTION

1. This action is brought by a consumer for Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C §227, et seq. ("TCPA").

2. Plaintiff alleges that Defendant has unlawfully called Plaintiff's cellular telephone in an attempt to collect an alleged debt from Plaintiff in direct contravention the aforesaid statute. Consequently, Plaintiff seeks injunctive relief as well as damages, fees, and costs in accordance with the TCPA.

3. The TCPA prohibits any person "to make any call (other than for emergency purposes or made with the prior consent of the called party) using any automatic telephone dialing system or any artificial or prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio

*FD-2181*

common carrier service, or any service for which the called party is charged for the call." 47 U.S.C. §227(b)(1)(A).

## JURISDICTION

4.	This court has jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227. Federal courts have jurisdiction over private suits arising under the TCPA. Mims v. Arrow Financial Services, LLC, 132 S. Ct. 740 (2012).

5.	Venue in this District is proper because Plaintiff resides here and Defendant does business and places phone calls into this District.

## PARTIES

6.	At all times relevant to this Complaint, Defendant, 1ST FINANCIAL was and is a foreign corporate bank, with its principal place of business at 331 North Dakota Dunes Boulevard, Dakota Dunes, South Dakota 57049.

7.	Defendant regularly engages in interstate commerce, into the State of Florida, by using the mail and telephone in a business the principal purpose of which is to provide financial services for college students and graduates.

8.	At all times relevant to this Complaint, the Plaintiff, was and is a natural person "person" as defined by 47 U.S.C. § 153.

## BACKGROUND AND GENERAL ALLEGATIONS

9.	Defendant sought to collect a debt from Plaintiff arising from an alleged debt incurred by Plaintiff for personal, family, or household purposes.

10.	Upon information and belief, Defendant, 1ST FINANCIAL by and through its through its agents, representatives and/or employees acting within the scope of their authority,

attempted to collect a debt from Plaintiff by using an automatic telephone dialing system to place numerous telephone calls to Plaintiff's cellular telephone, 305-xxx-6788.

11.     This is apparent due to the long delay that occurred before Defendant's representative would begin speaking once Plaintiff answered the call from Defendant.

12.     At times, there would be a beep or short recorded message before Defendant's representative would begin speaking once Plaintiff answered the call from Defendant.

13.     These calls originated from 704-780-4543, 404-419-7830, and 708-572-0603, and include but are not limited to calls placed on February 21, 2014 at or about 9:53 a.m and February 24, 2014, at or about 4:00 p.m.

14.     Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placements of the calls.

15.     Plaintiff was damaged by these illegal calls. Her privacy was improperly invaded, minutes were used from her cell phone plans and she was forced to spend time tending to unwanted calls.

16.     None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

17.     Defendant has been sued in the past for violation of the TCPA

18.     Upon information and belief, Defendant knew their collection techniques were in violation of the TCPA, yet still continued to use them therefore willfully or knowingly violated the TCPA.

### COUNT I- VIOLATION OF THE TCPA, 47 U.S.C § 227 (b)(1)(A)(iii)

19.     Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 18.

20. Defendant placed many non-emergency calls, including but limited to the calls referenced in paragraphs 13, to Plaintiff's cellular telephone using an automatic telephone dialing system in violation of 47 U.S.C §227 (b)(1)(A)(iii).

21. The term "automatic telephone dialing system" according to 47 U.S.C. § 227(a)(1):

> "… means equipment which has the capacity –
> (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and
> (B) to dial such numbers."

22. It is a violation of the TCPA, 47 U.S.C. §227(b) to call a person's cellular telephone using an automatic telephone dialing system without their express consent.

23. Plaintiff did not expressly consent to 1ST FINANCIAL to contact her via her cellular phone.

24. Plaintiff is "not required to prove that he was charged individually for each of the autodialed calls." Osorio v. State Farm Bank, F.S.B., --- F.3d ----, 2014 WL 1258023 (11th Cir. 2014).

25. The aforesaid calls to Plaintiff's cellular telephone were placed using an automated telephone dialing system.

26. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issued regulations implementing the TCPA, such calls as those alleged herein are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

27. With respect to whether a device is considered an "automatic telephone dialing system" for purposes of the TCPA, at least one Federal Appellate Court has specifically noted that "a system need not actually store, produce, or call randomly or sequentially generated numbers, it need only have the *capacity* to do it." Satterfield v. Simon & Schuster, Inc., 569 F.3d 946 (9th Cir. 2009) (emphasis added).

28. Furthermore, the FCC has specifically ruled that a predictive dialer falls within the meaning and statutory definition of "automatic telephone dialing equipment" within the TCPA. *2003 TCPA Order*, 18 FCC Rcd 14092-3 at ¶ 133.

29. Both the FCC and federal courts have held that as a matter of law a predictive dialer is a type of automatic telephone dialing system. *See generally*, Griffith v. Consumer Portfolio Serv., Inc., No. 10-c-2697 (N.D. Il. 2011).

30. The Hobbs Act does not vest federal district courts with subject matter jurisdiction to disregard FCC rulings.

31. Defendant's method of contacting Plaintiff is indicative of its ability to dial numbers without any human intervention in the calling process, which the FCC has opined is the hallmark of an automatic telephone dialing system (i.e. auto-dialer). See *In the Matter of Rules & Regulations Implementing The Telephone Consumer Protection Act of 2008*, CG Docket No. 02-278, FCC 07-232 (1/4/08) ¶¶ 11-13; *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 2003 WL 21517583, 18 F.C.C.R. 14014, ¶ 132 (Fed. Commc'n Cmm'n July 3, 2003).

32. In sum, Defendant made telephone calls to Plaintiff's cellular telephone, which were either initiated by an automatic telephone dialing system and/or contained a pre-recorded message and were made without the prior express consent of Plaintiff.

*FD-2181*

33. Under the TCPA, and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute. *See FCC Declaratory Ruling*, 23 F.C.C.R. at 565 (¶ 10).

34. Oral instructions to cease calls effectively revoke any prior consent the caller may have had. *See* Osorio v. State Farm Bank, F.S.B., --- F.3d ----, 2014 WL 1258023 (11th Cir. 2014).

35. Defendant, through its agents, representatives and/or employees acting within the scope of their authority acted willfully and intentionally violated the TCPA, 47 U.S.C § 227 (b)(1)(A)(iii).

36. Defendant, through its agents, representatives and/or employees acting within the scope of their authority acted willfully and intentionally violated the TCPA, 47 U.S.C §227 (b)(1)(A)(iii).

37. As a direct and proximate result of the violation of the TCPA by Defendant, Plaintiff has been damaged. The damages of Plaintiff include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

38. As a result of Defendant's violations of 47 U.S.C. § 227 et seq, Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every willful or knowing violation, pursuant to 47 U.S.C. § 227(b)(3)(C), and $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

39. Plaintiff is entitled to injunctive relief prohibiting Defendant from contacting the Plaintiff on her cellular phone using an automated dialing system pursuant to the 47 U.S.C. Section 227(b)(3)(a).

*FD-2181*

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant 1ST FINANCIAL BANK USA for statutory damages of $1,500.00 for each and every violation, an order be entered enjoining Defendant from calling Plaintiff's cellular telephone by use of an automatic dialing system, and for such other and further relief as justice may require.

### DEMAND FOR JURY TRIAL

Plaintiff, MARICARMEN CUBILLO, hereby demands a trial by jury of all issues so triable.

Respectfully Submitted,

/s/ *Yechezkel Rodal*
YECHEZKEL RODAL, ESQ.
Florida Bar Number: 91210
LOAN LAWYERS, LLC
*Attorneys for Plaintiff*
377 North State Road 7, Suite #202
Plantation, FL 33317
Telephone:    (954) 523-4357
Facsimile:    (954) 581-2786
E-mail:    chezky@floridaloanlawyers.com

*FD-2181*